UNITED STATES of America,
Plaintiff–Appellee,

v.

Ramiro GARCIA–CARDENAS,
Defendant–Appellant.

No. 04–40784.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 19, 2005.

---

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H Michael Sokolow, Houston, TX, for Defendant–Appellant.

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Ramiro Garcia–Cardenas (Garcia) appeals his guilty-plea conviction and sentence for being found in the United States following deportation and removal, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security. Garcia argues that 8 U.S.C. §§ 1326(b)(1) & (b)(2) are unconstitutional and that *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled. He also contends, in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the district court plainly erred in sentencing him because the court believed that the Federal Sentencing Guidelines were mandatory, rather than advisory.

Because Garcia raises these issues for the first time on appeal, we review only for plain error. *See United States v. Mares,* 402 F.3d 511, 513 (5th Cir.2005), *petition for cert. filed,* No. 04–9517, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (U.S. Mar. 31, 2005). Although the decision in *Almendarez–Torres* has been called into question, *see Shepard v. United States,* —— U.S. ——, ——, 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring), the Supreme Court has not overruled it. Accordingly, Garcia's first argument is foreclosed. *See United States v. Rivera,* 265 F.3d 310, 312 (5th Cir.2001).

Garcia's assertion that prejudice should be presumed from the sentencing court's *Booker* error is without merit. *See Mares,* 402 F.3d 511, 520–522. Garcia is not challenging the calculation of his criminal history score or the characterization of his prior conviction as an aggravated felony. Although Garcia argues that there is a reasonable probability that he would have received a lower sentence under an advisory guidelines scheme, he concedes that "[i]t is impossible to know for certain what the judge might have done if freed of the constraints of the mandatory Guidelines." Under *Mares,* this is insufficient to establish that the error affected his substantial rights. *Mares,* 402 F.3d at 522. Accordingly, Garcia has not established plain error with respect to his sentence.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.